is Jane Doe v. the Mukwonago Area School District. Good morning, members of the court. I represent the defendant appellants in this case, the Mukwonago Area School District and Joe Cook. This case illustrates the type of ambush tactics that are disfavored by the courts and unfortunately the district court exacerbated the issue. On June 30th, 2023, the day before a four-day holiday weekend, the plaintiff filed the complaint, the motion for a TRO, and the motion for preliminary injunction. Rather than serving the school district, plaintiff's counsel emailed a copy of those documents to me at 4.54 p.m. on that Friday while I was in Nevada attending my grandson's birthday. Despite the fact that this occurred before a holiday weekend, I flew back early, we spent the entire holiday weekend working on responding to the TRO, and on the 4th of July filed the response. Amazingly, on July 11th, 2023, before conducting a hearing and before the district was even served with the complaint, the district court granted the preliminary injunction. This court in Wheeler v. Talbot said that a preliminary injunction may not be issued until notice is provided to the opposing party and a hearing conducted, and that did not happen in this case. Instead, the district court, without having any evidence before it, made the determination that this case was not factually distinguishable from Whitaker, found that the plaintiff had demonstrated a likelihood of success on the merit, and that irreparable harm would occur if the preliminary injunction was not granted. All of this was done, once again, before the district was even served. What the district court, in essence, said was that the facts don't matter. As long as a plaintiff alleges that a transgender student was not permitted to use a bathroom... What your adversary says is, you could have submitted facts to the district court even though your client was not yet a party. That's the real argument, and I wish you'd address it. Absolutely, Your Honor. Rule 65A1 bars a court from issuing a preliminary injunction until after a hearing is conducted, and this court's... No, you're not dealing with my question. Your client had not been served with process and was, therefore, not technically a party. Correct, Your Honor. But couldn't it have submitted evidence anyway? It could have submitted evidence, yes, Your Honor, but it was not required to, and the reason it... So you shouldn't, I think, you should stand on that rather than saying, well, my client didn't have an opportunity to submit evidence. It did. It had actual knowledge of the litigation, but it hadn't been properly served. Which this court has ruled is insufficient. In McMasters v. United States, this court stated that actual notice to a party is insufficient. The court does not have jurisdiction over a party until Rule 4 is followed and the individual is expressly served. In fact, this court dealt with almost an identical situation in Mid-Continent Wood Products v. Harris. That's found at 936 Fed 2nd 297. In that particular case, this court addressed a situation where the plaintiff's counsel had provided email copies of all the pleadings to the opposing party. They had not been served, however. The court nevertheless took action, and this court said action cannot take place unless there is actual service performed, and it was not done in this particular case. This case, this court also in Wheeler v. Talbot specifically said, Rule 65 contemplates that the issuance of a preliminary injunction shall be upon notice to the adverse party and after a hearing. This court went on to say that a hearing embodies the right to be heard on the controverted facts as well as upon the law, and that was not done in this case. Instead, what the court, what the district court did was issue an ex parte preliminary injunction, and this court, as well as other districts that we have cited, have specifically prohibited that from being done. Well, it wasn't an ex parte preliminary injunction. You had notice. We had actual notice, Your Honor. We were not served. Oh, I understood. Your service argument came in your reply brief, so it's arguably waived. It wasn't raised in your opening brief. So, that complaint may be outside of the scope of the appeal, but to the extent that you're complaining about a lack of notice, you had notice. You were notified of the filing of the complaint, you had a copy of it, you were notified of the motion for a TRO and preliminary injunction, and in fact, responded to it, and the district court responded to rule on the motion. Rule 65 doesn't require service. Rule 65 requires a hearing before an issuance of a preliminary injunction, Your Honor. And again, in Wheeler v. Talbot, this court repeated that. It requires an opportunity for a hearing, but that gets back to the question whether the school district's actual notice wasn't sufficient for it to request a hearing and tender evidence. And again, Your Honor, I would point back to, if we look at the differences in timelines between what happened in the Martinsville case and what happened in this case. I'm not asking for a difference in timeline. I'm asking a question about the rules, right? Was there anything that disabled the school district from asking for a hearing and tendering evidence? From physically asking for a hearing, no, Your Honor. There wasn't. But again, we anticipated that the district court would not only follow the express statements in Rule 65A1, but would also follow the jurisdictional requirement that this court has set forth in the multiple cases that we provided. In this case, while we had actual notice, we did not have the opportunity to have a hearing. That's what I don't understand. Why was there no opportunity to have a hearing? Because the court was required to conduct a hearing before. No, you're not addressing the question. Why was there no opportunity to have a hearing when your client had actual knowledge of the suit and you've already agreed with me, could have requested a hearing, but chose not to? What you can do is stand on your right and say, we don't have to ask until we've been served. You can make that argument, but it's completely bogus to say there was no opportunity for a hearing. Well, I agree with you, Your Honor. I agree. We are standing on our position, and that is what we argued in our brief. We are not required. So then you should say, there was an opportunity for a hearing, but only, but we don't have to avail ourselves of it until served with process. You can make that argument. It's a different argument from saying we never had an opportunity for a hearing. Understood, Your Honor. In this particular case, the court did make this decision without conducting a hearing, without having any evidence before it, without having any facts before it. And a court is required to balance all of the facts when making a determination as to whether it's going to issue a preliminary injunction. When the court in this case determined that this matter was factually indistinguishable from Whitaker, it did not have anything before it to make that determination. There were no facts in the record. There was no testimony that was provided to indicate that there was any type of irreparable harm. There was no indication of the balancing interests. There was no indication as to objections or privacy interests from other individuals. And that is simply because a hearing was not conducted. I see that I'm in my rebuttal time, so I'll stop here. That's fine. Thank you. Mr. Schlachtus. Thank you, Your Honor. Glenn Schlachtus for appellee. May I please have the court? No. Mr. Schlachtus, what is your best authority for the proposition that a court may enter a preliminary injunction before the defendant has been served in the process? I understand TRO before service, right? The normal sequence is TRO, service, and then you proceed toward a preliminary injunction. I was looking for cases where a preliminary injunction was entered before the defendant was served. I didn't see any. Maybe you found some. Your Honor, since that precise issue was not raised by the school district, we haven't addressed that in the brief. I can point to cases from this court that say no evidentiary hearing was required in this circumstance, but can I specifically point to cases addressing that service question? No, because it hasn't been raised. Not because they're not there. I honestly don't know because the question has not been raised. What we focused on is the question that defense counsel, the issue defense counsel has raised about the propriety of the lack of an evidentiary hearing here, and I think the court has spoken quite clearly to that in several cases, including Promotech from 2002, where the court said finally it was not necessary for the district court to hold a hearing before ruling on the motion for a preliminary injunction. An evidentiary hearing is required if the non-moving party raises genuine issues of However, the party seeking the evidentiary hearing must demonstrate that it has and intends to introduce evidence that it believed will so weaken the moving party's case as to affect the judge's decision on whether to issue the injunction. And so that burden was on the school district, and the school district did not do anything to satisfy that burden. Now, I think coming back to your question, Judge Easterbrook, about service, Rule 65 does contemplate entry of a preliminary injunction on, quote, notice to the adverse party, end quote. It does not say notice and service. Service is required to make someone a party. Until the school district was served, it was not a party. That's just technical rule speak. You become a party by being served. At the same time, though, the court has said that that very provision in Rule 65 does not require service. And I would point out- No, Rule 65 isn't what requires service. It's required elsewhere in the rules. Well, the court has affirmed entry- The court has said that service is- that that notice is left to the discretion, what constitutes proper notices, is left to the discretion of the district court judge in affirming entry of a preliminary injunction in Pete Boettcher L. Hartigan. There is no doubt that the school district had notice, but it wasn't a party because it hadn't been served with process, right? The question is, what happens under that circumstance? You make somebody a party by serving them with process. That's just technical. That's how it happens. And Rule 65 talks about notice to parties. The school district wasn't a party. You get the problem? I do understand, Your Honor, and I will note that they were served several days after- They were served several days later. Several days later. Exactly. And I think- They're a party now. They are. And I think this also gets at, you know, the question of why the district court never, or the fact that the district court never, before they were technically a party or after, never said- I'm sorry, the school district, I may have said the district court. The school district, both before and after they were technically a party, never said to the district court, hey, we have evidence that we want to present. We want to have an evidentiary hearing. And they had plenty of opportunity to do so both before and after they were technically a party. They could have done that in their initial response to our motion for a TRO and a preliminary injunction. They could have done that once the district court issued the TRO. Obviously foreshadowing its analysis of the preliminary injunction and saying it would soon issue a ruling on the preliminary injunction would have been quite reasonable at that point with the TRO having been entered to say to the district court, we want more time. And then after the preliminary injunction was issued, they certainly could have said to the district court, your honor, we expected to have a hearing. We didn't have one. We have evidence. We want to put it in. They didn't do any of that. Instead, the first time they raised the issue of supposedly having evidence that would have been pertinent to our motion for a preliminary injunction was in this court. Was there any hint in the TRO order that the judge was planning to schedule a hearing on the preliminary injunction motion? There was no. There was not. What happened between July 6th when the TRO was entered and I guess it was July 11th when the judge converted the TRO to a preliminary injunction? Procedurally, nothing happened, your honor. So the judge didn't invite for the briefing, evidentiary submissions? No. No. Did the TRO order say that the judge was planning to proceed summarily? The judge said in the TRO order that he would, quote, soon be speaking further to the preliminary injunction. There was no indication that further briefing was requested or that a hearing would be held. There was nothing that could reasonably have suggested to the school district that an evidentiary hearing was on the horizon. Well, was there something suggesting to the school district that there was not an evidentiary hearing on the horizon? There was nothing suggesting... Since the rule contemplates one? Well, the rule contemplates one in, as the rule has been interpreted by this court, the rule contemplates one if there are relevant factual disputes that need resolution. That's not what the rule says, right? On its face, but it may not, but as interpreted by this court several times, including in other cases cited in our brief, this court has been clear that the evidentiary hearing is not required unless there are relevant factual disputes to resolve, and with good reason because there's no point to an evidentiary hearing if you don't have factual disputes in front of the court, and then as Prometex says, it is the... But the usual way you find out whether there's a factual dispute is to wait until the defendant becomes a party, and then listen to what the defendant has to say. You don't enter the judgment before the defendant is a party. Well, the court did listen... It really is fundamental about litigation that you have to wait for service before you order the remedy. The court... The court, of course, did listen to what the defendant had to say. They submitted a brief. They even quoted from what would have been evidence in front of the court, except that they didn't attach those particular documents, and so they did have the full and fair opportunity. They were listened to. The court simply did not agree that they had created factual disputes requiring resolution, and, Your Honor, if I could just briefly turn to one other argument that has been prominent in defense counsel's brief, although not raised today, which is this whole issue about the process, not the Rule 65 process, but the process in the school district that they believe plaintiffs should have submitted to under the new policy that the school district created in late June or under a special education referral process, that process was completely unnecessary and, in fact, would have served as an obstacle to the exercise of plaintiff's rights here. What Whitaker and Martensville tell us is that so long as a transgender student's need for access to the restroom consistent with their gender identity is genuine, they are entitled to that access. Here before there was even a whiff of any dispute, the school district knew that plaintiff's need was genuine. They knew because throughout plaintiff's nearly three years as a student in the school district, she had presented as a girl, and she had used the girl's restroom all without incident. And then when the dispute arose, the school district also had medical documentation on top of that. So given that state of play, for defendant to say that, for defendant to require plaintiff to submit to a process under that new policy or as a special education referral was really to erect an obstacle to her exercise of her rights. It was not to create a pathway to her ability to enjoy those rights. And I'll add, it was not a small obstacle. It's clear from the record that this process was going to be rather involved, time-consuming, and involve a host of school officials. And as the district court correctly found, there was no possibility that that process was going to result in the school district affording plaintiff access to the girl's restroom. That process only contemplated the possibility of giving her additional support in coping with the denial of that access. And the district court correctly understood that that simply makes no sense. That if you are harming somebody by discriminating against them, the way to alleviate that harm is not to put your arm around their shoulder, it is to stop discriminating. So, any which way you look at it, this whole process is, I see my time is up. Thank you, Your Honor. And we respectfully request that the court affirm entry of the preliminary injunction below. Thank you. All right. You had a little bit of time left. Your Honor, I want to clarify that we did, in fact, raise this issue of service in our initial brief. It's on page 13. It goes on to page 14. It says, in fact, defendant appellants had not been formally served with a copy of the summons and complaint when the district court issued its preliminary injunction on July 11th. We cited Wheeler. A court may not issue a preliminary injunction without advance notice to the adverse party, and defendant had not been served when the district court acted on plaintiff's motion. So we did raise that issue in our initial brief. Well, it was mentioned. It wasn't really developed. It was mentioned. It was not an issue. We also identified— You're not allowed to reserve an argument just to mention a fact and then hope that the court will develop an argument based on that fact. What's the first time you made an argument about this? Understood, Your Honor. We would argue that we did raise it in our initial brief. We also raised to the district court the various discrepancies in the factual record. And we brought to their attention that we were challenging all of those positions. The district court in its TRO said that it would take up the preliminary injunction separately. It never said it would rule on it without conducting a hearing. It never even indicated it. It said it would take it up separately. It didn't. As to the last facts that were raised by my opposing counsel at the end, talking about the process and the procedure that was used here, unfortunately the district court had no evidence of that process before it. So it could not make any ruling on that because it chose not to conduct a hearing and actually gather that information and evidence. Thank you, Your Honors. Thank you. Our thanks to all counsel. The case is taken under advisement. And our final case for argument